UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDWIN S. SEWELL,

    Plaintiff,

-vs-                                                    Case No.  5:07-cv-102-Oc-10GRJ

MARION COUNTY SHERIFF
and DEPUTY DAVID HOPKINS,
individually,

    Defendants.
_____/

## **O R D E R**

On February 21, 2007, the Plaintiff filed a two-count Complaint against Marion County Sheriff Ed Dean and Marion County Deputy Sheriff David Hopkins, alleging the Defendants used excessive force to effectuate the Plaintiff's arrest, in violation of his Fourth Amendment rights.  (Doc. 1).  On September 12, 2007, the Court dismissed without prejudice the Plaintiff's claims of excessive force and battery and granted the Plaintiff leave to amend his Complaint. (Doc. 24).

On October 10, 2007, the Plaintiff filed his Amended Complaint, (Doc. 27), alleging the same two claims for excessive force and battery against the Defendants.  Both Defendants have filed a joint motion to dismiss, (Doc.  28), to which the Plaintiff has responded.  (Doc.  31).  For the reasons set forth below, the Court finds that the Defendants' motion to dismiss is due to be granted in part and denied in part.

**Background and Facts**

The facts, as alleged in the Plaintiff's Amended Complaint are as follows. On February 21, 2003, Defendant Deputy David Hopkins arrested the Plaintiff, an African American male. In the course of effectuating that arrest, Deputy Hopkins grabbed the Plaintiff's left arm - on which the Plaintiff had recently had surgery - and twice forcibly pushed the Plaintiff against an automobile "using unnecessary force."[1] At the time of the Plaintiff's arrest, the Plaintiff had a visible bandage on his left arm from his knuckles to his elbow, as well as a drain cord wherein blood could be visibly seen from the wound. The Plaintiff told Deputy Hopkins that "I just had surgery," to which Deputy Hopkins responded, "I don't give a damn."[2] Deputy Hopkins then placed handcuffs on the Plaintiff's wrists so tightly that the Plaintiff's left wrist went numb. After Deputy Hopkins placed the Plaintiff in handcuffs, the deputy stated that: "This n.... really pissed me off."[3] The Plaintiff alleges that as a result of his arrest, he has constant pain in his lower back, and his injury to his left arm and wrist has been aggravated.[4]

Although the stated in the Plaintiff's Amended Complaint are virtually identical to those of his original Complaint, he has somewhat altered his claims for relief. Count I, the claim for excessive force pursuant to 42 U.S.C. § 1983, is now solely against Deputy

---

[1] Amended Complaint, ¶ 7. (Doc. 27).

[2] Id., ¶ 8.

[3] Id., ¶ 10.

[4] Id., ¶ 11.

Hopkins in his individual capacity, and seeks injunctive as well as monetary relief. Count II, the state law claim for battery, is against both Sheriff Dean in his official capacity and Deputy Hopkins in his individual capacity, and alleges that both Defendants "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of Plaintiff's safety."[5]

## Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir.1993).

Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Bell Atlantic Corp. v. Twombly, ____ U.S. ____, 127 S.Ct. 1955 (2007). However, "while notice pleading may not require

---

[5]Amended Complaint, ¶ 20.

that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

## Discussion

The jurisdictional section of the Plaintiff's Amended Complaint alleges that it "is a civil action for damages brought pursuant to 42 U.S.C. § 1981, and 42 U.S.C. § 1983, based upon violations of Federal Civil Rights committed by the Defendant, Deputy David Hopkins, Article I, Section 12 of the Florida Constitution, Searches and Seizures, as well as State tort claims . . . ."[6] In their motion to dismiss, the Defendants contend that all references to and/or claims brought under 42 U.S.C. § 1981 should be dismissed with prejudice because 42 U.S.C. § 1983 "contains the sole cause of action against state actors for violations of section 1981." Butts v. County of Volusia, 222 F.3d 891, 892 (11th Cir. 2000). The Plaintiff agrees, and requests that all references to 42 U.S.C. § 1981 be deleted. Accordingly, to the extent the Plaintiff's Amended Complaint can be read to allege any claims under 42 U.S.C. § 1981, such claims will be dismissed with prejudice.

I.   Count I - The § 1983 Excessive Force Claim

Deputy Hopkins seeks dismissal with prejudice of the Plaintiff's § 1983 claim on several grounds. First, he contends that the § 1983 claim should be dismissed to the

---

[6]Amended Complaint, ¶ 1.

extent it seeks relief for any violations of the Plaintiff's state constitutional rights.[7] Deputy Hopkins is correct that claims brought under § 1983 may only seek relief for violations of federal constitutional or statutory rights - not violations of state rights. Knight v. Jacobson, 300 F.3d 1272 (11th Cir. 2002); Lovins v. Lee, 53 F.3d 1208 (11th Cir. 1995). The Plaintiff agrees with Deputy Hopkins, but seeks leave to amend his complaint one more time in order to allege a separate claim for violations of the Plaintiff's state constitutional rights. Such leave will be granted.

Next, Deputy Hopkins contends that the Plaintiff's reference to Deputy Hopkins' alleged racial epithet cannot, by itself, form the basis of a § 1983 cause of action. However, it is clear to the Court that the Plaintiff is not seeking relief based solely on the alleged use of a racial epithet. Rather, as the Plaintiff explains in his response, he included this factual allegation to explain all of the circumstances behind his excessive force claim. Because the Plaintiff has not based his § 1983 claim on Deputy Hopkins' alleged racial epithet, this portion of the motion to dismiss shall be denied.

Deputy Hopkins also challenges the Plaintiff's request for injunctive relief as part of his § 1983 claim. In particular, Deputy Hopkins contends that the Plaintiff has not alleged any threat of future injury, and, therefore, the Plaintiff does not have standing to seek injunctive relief. See City of Los Angeles v. Lyons, 461 U.S. 95 (1983); Church v. City of Huntsville, 30 F.3d 1332 (11th Cir. 1994). The Plaintiff agrees that he has not alleged any

---

[7]See Amended Complaint, ¶¶ 1-2, 12.

threat of future injury and does not object to deleting his request for injunctive relief from the Amended Complaint. This portion of the motion to dismiss will therefore be granted.

Deputy Hopkins' final challenge to the excessive force claim is based on his asserted defense of qualified immunity. According to Deputy Hopkins, the Plaintiff has not alleged the relevant facts with sufficient specificity to survive dismissal, and has not alleged a violation of a clearly established right in order to overcome Deputy Hopkins' qualified immunity defense. See GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359 (11th Cir. 1998); Oladeinde v. City of Birmingham, 963 F.2d 1481 (11th Cir. 1992). In particular, Deputy Hopkins argues that the Plaintiff has not sufficiently alleged more than a *de minimus* injury.

While the Plaintiff's Amended Complaint is succinct, it does allege enough relevant facts to survive dismissal on this basis. The Plaintiff has sufficiently alleged that Deputy Hopkins knew of the Plaintiff's recent surgery and injury to his left arm, ignored the Plaintiff's condition, deliberately grabbed the Plaintiff's left arm at the exact point of injury, placed handcuffs directly over the injury, and applied the handcuffs in an excessively tight manner. The Plaintiff further alleges that as a result of Deputy Hopkins' actions, the Plaintiff has suffered constant pain and aggravation of his pre-existing injury. The Court finds that these allegations, taken as true, demonstrate more than a *de minimus* injury at this stage of the litigation. See Durruthy v. Pastor, 351 F.3d 1080, 1095 n. 10 (11th Cir. 2003). These allegations could also lead a reasonable officer to conclude that his actions were unlawful under clearly established law.

Whether Deputy Hopkins was, in fact, aware of the Plaintiff's recent surgery at the time of the Plaintiff's arrest, whether the force used was excessive, and whether the Plaintiff's injury more than *de mimimus* are fact intensive inquiries that are best left to be resolved either at summary judgment or at trial.[8]   The motion to dismiss Count I on the ground of qualified immunity is denied.

## II.   Count II - State Law Claim For Battery

In Count II, the Plaintiff has alleged a claim under state law for battery against both Deputy Hopkins and Sheriff Dean.  The claim does not allege that Sheriff Dean ever had any direct contact with the Plaintiff, but rather that Sheriff Dean is liable "by and through Defendant, Deputy Hopkins, . . . ."[9]   Although Deputy Hopkins has not challenged this claim, Sheriff Dean moves to dismiss Count II on the ground that he is immune under Florida law.

Florida's sovereign immunity doctrine is codified in Fla. Stat. § 768.28, which provides, in relevant part:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . .   The exclusive remedy for injury or damage suffered as a result

---

[8]It also bears noting that all but one of the decisions cited by Deputy Hopkins on the *de minimus* issue were decided either at summary judgment or by bench trial.

[9]Amended Complaint, ¶¶ 15, 20.

> of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.  **The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.**

Fla. Stat. 768.28(9)(a) (2006) (emphasis added).

The Florida Supreme Court has interpreted § 768.28(9)(a) to mean that when an individual state employee acts within the scope of his or her employment, it is the employing agency - not the individual - who is liable.  On the other hand, when an individual employee acts outside the scope of his or her employment, or acts with bad faith or malicious purpose, it is the individual - not the employing agency - that is liable. McGhee v. Volusia County, 679 So.2d 729, 730, 733 (Fla. 1996).  Thus, "[i]n any given situation, either the agency can be held liable under Florida law, or the employee, but not both." Id. at 733.

The Plaintiff, however, seeks relief against both the individual state employee, Deputy Hopkins, and the employing agency, Sheriff Dean in his official capacity as Marion County Sheriff.  Because the Amended Complaint alleges that Deputy Hopkins "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard

of Plaintiff's safety,"[10] Sheriff Dean contends that he is entitled to sovereign immunity under the plain language of Fla. Stat. § 768.28(9)(a) and McGhee.

The Plaintiff argues that because he has alleged that Deputy Hopkins was "acting within the deputy's course and scope of employment" when he arrested the Plaintiff and grabbed his let arm,[11] Sheriff Dean can be held liable. In other words, as the Plaintiff further explains in his response, he is alleging that Deputy Hopkins acted in bad faith or with a malicious purpose while at the same time acting within the scope of his employment. However, the language of both Fla. Stat. § 769.28 and McGhee is clear; the Plaintiff cannot have it both ways. Either he is alleging that Deputy Hopkins acted within the scope of his employment and did not act with bad faith or a willful or malicious intent, (*i.e.* he was merely negligent), thereby placing potential liability solely at the feet of Sheriff Dean, or the Plaintiff is alleging that Deputy Hopkins acted in bad faith or with a willful or malicious intent, thereby placing potential liability solely at the feet of Deputy Hopkins.[12] At this point, it is not clear which theory the Plaintiff wishes to pursue. Therefore, the motion to dismiss

---

[10] Amended Complaint, ¶ 20.

[11] Amended Complaint, ¶ 15.

[12] Stated differently, it defies logic to say that a person was acting within the scope of his employment while at the same time acting in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. In order for such a theory to succeed, the Plaintiff would have to prove that it was part of Deputy Hopkins' official job duties to wantonly and willfully disregard human rights, safety, or property, or to act with bad faith or a malicious purpose. This cannot be so.

Sheriff Dean from Count II will be granted without prejudice, and the Plaintiff will be given leave to amend to clarify this ambiguity.

## Conclusion

Accordingly, upon due consideration, it is ordered that:

(1) The Defendants' Motion to Dismiss, (Doc. 28), is GRANTED IN PART AND DENIED IN PART. To the extent the Plaintiff has alleged in his Amended Complaint any claims pursuant to 42 U.S.C. § 1981, such claims are DISMISSED WITH PREJUDICE. To the extent the Plaintiff has based his claim under 42 U.S.C. § 1983, (Count I), on violations of his state constitutional rights, that portion of his claim is DISMISSED WITH PREJUDICE. The Plaintiff's request for injunctive relief as part of his 42 U.S.C. § 1983 claim is DISMISSED WITH PREJUDICE. The Plaintiff's state law claim of battery, (Count II), is DISMISSED WITHOUT PREJUDICE as to Defendant Sheriff Ed Dean. In all other respects, the Defendants' motion to dismiss is DENIED.

(2) The Plaintiff may, if he chooses, file a second amended complaint within twenty (20) days to correct the deficiencies in Count II as described in this Order, and to include a claim for violations of the Plaintiff's state constitutional rights. The Court cautions, however, that no further extensions of time or leaves to amend shall be granted.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 9th day of May, 2008

*[Signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record